61 F.3d 20
 32 Fed.R.Serv.3d 1385
 Pedro Pablo MESA, Mercedes Mesa, Maria Luz Galdeano, Carlos
Galdeano, David Galdeano, Plaintiffs-Appellants,
v.
UNITED STATES of America, Michael Dolan, Jaime Camacho, and
John Does I through V, Defendants-Appellees.
 No. 93-5371.
 United States Court of Appeals,
Eleventh Circuit.
 Aug. 11, 1995.
 
 David James Smith, Kaufman Miller Dickstein & Grunspan, P.A., Miami, FL, for appellants.
 Barbara L. Herwig, Civ. Div., Appellate Staff, U.S. Dept. of Justice, John F. Daly, Washington, DC, for appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before EDMONDSON and BARKETT, Circuit Judges, and DYER, Senior Circuit Judge.
 EDMONDSON, Circuit Judge:
 
 
 1
 This appeal, involving, among other things, the Federal Tort Claims Act, must be dismissed for lack of appellate jurisdiction. Plaintiffs brought a multiple count claim seeking damages for the negligent procurement and service of an arrest warrant, assault and battery, false imprisonment, intentional infliction of emotional distress, invasion of privacy, as well as a Bivens[1] action. The claims arose out of the DEA's service of an arrest warrant on the wrong person.
 
 
 2
 After the district court dismissed Counts I and II (the claims for negligent procurement and service of a warrant), plaintiffs, to appeal immediately the dismissal of Count II, moved to dismiss voluntarily the remaining Counts. Granting plaintiffs' motion, the district court then did dismiss without prejudice the remaining Counts. But, because plaintiffs never sought or received a Federal Rule of Civil Procedure 54(b) certification and, thus, never received a final decision, plaintiffs had nothing to appeal.
 
 
 3
 Resolution of this appeal is controlled by Ryan v. Occidental Petroleum Corp., 577 F.2d 298 (5th Cir.1978).[2] In that case, the district court dismissed several paragraphs of the plaintiff's complaint for failure to state a cause of action and for containing immaterial and scandalous matter. To appeal immediately the dismissal, the plaintiff requested a rule 54(b) certification which was at first granted but later vacated. Once vacated, the plaintiff moved to dismiss his remaining claim voluntarily under Federal Rule of Civil Procedure 41(a). This motion was granted, and the plaintiff appealed the earlier dismissal. Ryan, 577 F.2d at 300.
 
 
 4
 On appeal, the Fifth Circuit dismissed the plaintiff's appeal on the ground that it met none of the recognized exceptions to the finality rule of 28 U.S.C. Sec. 1291: 1) the order is made appealable by statute or is certified under 28 U.S.C. Sec. 1292, 2) the order, although "otherwise nonappealable," determines "substantial rights of the parties which will be irreparably lost if review is delayed until final judgment,"[3] or 3) a series of court orders, considered together, terminate the litigation as effectively as a formal order.[4] Id. at 301.
 
 
 5
 In Ryan, the appeals court refused to apply the Jetco exception to the finality rule because not all of the orders entered by the district court were adverse to the plaintiffs. The appeals court said that the voluntary dismissal of the plaintiff's remaining claim could not be considered final because a voluntary dismissal is without prejudice to the moving party to file those claims again. In the absence of a rule 54(b) certification, the earlier dismissals were not appealable. Ryan, 577 F.2d at 303. See also Mullins v. Nickel Plate Mining Co., 691 F.2d 971 (11th Cir.1982) (holding that without rule 54(b) certification there was no right to appeal).[5]
 
 
 6
 Here, the district court dismissed two counts of the plaintiffs' complaint on defendant's motion. Plaintiffs then voluntarily dismissed their remaining claims using Federal Rule of Civil Procedure 41(a)(2). Plaintiffs never moved for a rule 54(b) certification. Without a 54(b) certification, no basis exists for this appeal.[6] Therefore, the appeal must be dismissed for lack of jurisdiction.
 
 
 7
 DISMISSED.
 
 
 
 [1]
 Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)
 
 
 [2]
 Fifth Circuit cases decided before October 1, 1981 are binding precedent in this circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc)
 
 
 [3]
 Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)
 
 
 [4]
 This rule was set out in Jetco Electronic Industries, Inc. v. Gardiner, 473 F.2d 1228 (5th Cir.1973). In Jetco, the plaintiffs sued three defendants. When the district court dismissed the plaintiffs' claims against one of the defendants, the plaintiffs appealed the order. Before the appeal was heard, an order was entered dismissing the claims against the other two defendants. The appeals court held that the two orders considered together terminated the litigation as effectively as if the district judge had formally entered a single order. The appeals court allowed the appeal but recognized that this circumstance was a distinct exception to the finality rule
 
 
 [5]
 Other decisions of this Court--without discussing Rule 54(b) or Ryan--have permitted appeals following the voluntary dismissal of one or more claims. See Black v. Broward Employment & Training Admin., 846 F.2d 1311 (11th Cir.1988); Studstill v. Borg Warner Leasing, Div. of Borg Warner Acceptance, 806 F.2d 1005 (11th Cir.1986). To the extent, if any, these decisions conflict with the older precedent set out in this opinion, we adhere to the older precedent which has never been overruled by the court en banc. See Robinson v. Tanner, 798 F.2d 1378, 1383 (11th Cir.1986). See also Kent v. Baker, 815 F.2d 1395, 1399 n. 3 (11th Cir.1987)
 We commend government counsel in this case for raising the question of jurisdiction and for directing our attention to Ryan, especially when government counsel went on to argue that jurisdiction did exist.
 
 
 [6]
 In its brief for defendant-appellee, the government argues that appellate jurisdiction exists because, it says, the statute of limitations on plaintiffs' remaining claims has run, effectively preventing relitigation. The government cites Fassett v. Delta Kappa Epsilon, 807 F.2d 1150 (3d Cir.1986) (2-1 decision), to support its proposition. No precedent in this circuit supports this exception to the finality rule. Statute of limitations matters often need much thought. And, an appellate court, such as this one, is poorly situated to litigate and to decide, in the first instance, whether a statute of limitation has run to the point of barring an action; we cannot, for example, rule out the possible existence of tolling events which would not appear in the record on appeal. We, by the way, note that in this case one plaintiff, at least, is a minor