Virginia G. DRUHAN, Plaintiff–Appellant,

v.

AMERICAN MUTUAL LIFE, Alvin McPherson, Alabama Financial Group, Defendants–Appellees.

No. 97–6087.

United States Court of Appeals, Eleventh Circuit.

Feb. 10, 1999.

Royce A. Ray, III, Finkbohner & Lawler, L.L.C., Mobile, AL, for Plaintiff–Appellant.

J. Michael Vaughan, Weisenfels & Vaughan, P.C., Kansas City, MO, Benjamin T. Rowe, David L. Kane, Cabaniss, Johnston, Gardner, Dumas & O'Neal, Edward C. Greene, Frazer, Greene, Upchurch, & Baker, Mobile, AL, for Defendants–Appellees.

Before TJOFLAT and BARKETT, Circuit Judges, and PROPST *, Senior District Judge.

TJOFLAT, Circuit Judge:

Virginia Druhan, the appellant, purchased a life insurance policy from appellee American Mutual Life Insurance Company. Druhan claims she was fraudulently induced to purchase the policy; upon discovering the fraud she brought suit against American Mutual in the Circuit Court of Mobile County, Alabama, to recover the premiums she had paid and to obtain punitive damages.[1] In response, American Mutual contended that because Druhan's policy was purchased in connection with a benefits package provided by her employer, Druhan's state law claims were preempted by the Employee Retirement Income Security Act ("ERISA"), 29

---

* Honorable Robert B. Propst, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

1. Druhan also sued Alvin McPherson, the salesperson who sold her the policy, and Alabama Financial Group, the name under which McPherson conducted business. The defendants-appellees—American Mutual, McPherson, and Alabama Financial Group—are collectively referred to in this opinion as "American Mutual."

U.S.C. §§ 1001–1461 (1994). Thus, Druhan's only avenue of relief was to make a claim under ERISA. *See* 29 U.S.C. § 1132 (1994). Treating Druhan's suit as having been brought under ERISA, American Mutual removed the case to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1441(a).[2]

Druhan, contending that her claims were not preempted by ERISA, moved the district court to remand the case to state court. The district court denied the motion, holding that ERISA preempted her claims. Druhan then moved the district court to dismiss her complaint with prejudice.[3] In her moving papers, she stated that she had no claims under

ERISA and thus the court's order denying her motion to remand effectively left her without a remedy. The court granted her request, and subsequently entered a final judgment dismissing Druhan's claims with prejudice. Druhan immediately appealed the judgment.

■ This case comes to us in an unusual procedural posture—the appellant is appealing from a final judgment that was entered on her own motion for a dismissal with prejudice. We are therefore faced with an issue of first impression for this court—whether an appeal from a final judgment that resulted from a voluntary dismissal with prejudice is within this court's jurisdiction.[4]

---

2. Section 1441(a) allows a defendant to remove a case from state to federal court if the district court has original jurisdiction. In this suit, American Mutual's claim that Druhan's suit was governed by ERISA meant that her case arose under the "laws of the United States," 28 U.S.C. § 1441(b) (1994), and consequently the district court had original jurisdiction.

3. Druhan's motion was entitled "Request and Stipulation for Entry of Final Judgment" for the defendants. Because the defendants had not signed the pleading, it was not in fact a "stipulation." Rather, it was in essence a motion to dismiss under Rule 41(a)(2) of the Federal Rules of Civil Procedure. A dismissal under Rule 41(a)(2) is generally without prejudice; however, the district court has the power to specify otherwise. *See* Fed.R.Civ.P. 41(a)(2).. In this case, the district court specified that the dismissal was with prejudice—presumably in accordance with the wishes of Druhan, who on appeal does not argue that the dismissal should have been without prejudice.

4. We have held that we do not have jurisdiction to hear appeals from voluntary dismissals *without* prejudice, because they leave the plaintiff free to bring the case again and therefore are not "final" decisions for purposes of appellate jurisdiction under 28 U.S.C. § 1291. *See Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1336 (11th Cir.1998); *Mesa v. United States*, 61 F.3d 20, 22 (11th Cir.1995). This line of cases is, however, distinguishable from the case at hand—the appellant in this case is not free to bring the case again, and thus the judgment entered by the district court was truly "final." We have also held that, where a final judgment is entered pursuant to a settlement agreement, appeal is unavailable (because there is no "case or controversy") unless the settlement agreement specifically reserves the right to appeal a particular claim. *See Key Enters. of Del., Inc. v. Venice Hosp.*, 9 F.3d 893, 896 (11th

Cir.1993) (en banc); *Dorse v. Armstrong World Indus., Inc.*, 798 F.2d 1372, 1375 (11th Cir. 1986). Again, however, these cases are distinguishable—a settlement agreement logically eliminates those portions of a controversy on which the parties have settled (and only those portions), while a voluntary dismissal with prejudice disposes of all claims regardless of whether the plaintiff believes that a controversy remains on those claims.

The Supreme Court dealt with a somewhat similar situation in *United States v. Procter & Gamble Co.*, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). In *Procter & Gamble*, a civil antitrust case, the defendants sought to obtain certain documents from the Government during discovery. The Government refused to produce the documents. In response, the defendants obtained orders from the district court requiring the Government to produce the documents within 30 days. The Government sought to have the orders amended to provide that failure to comply would result in a dismissal with prejudice (as opposed, presumably, to a contempt proceeding). The district court amended the orders in accordance with the Government's request, and, after the Government continued to resist discovery, the case was dismissed with prejudice. On appeal, the defendants argued that the dismissal was solicited by the Government and thus the Government could not allege error. The Supreme Court rejected the defendants' argument and permitted the appeal, on the ground that the Government did not truly consent to the entry of judgment against it. *Procter & Gamble* is, however, a very different case from this one—*Procter & Gamble* involved a plaintiff seeking to influence the court's discretion in determining the appropriate sanction for discovery violations, while this case involves an affirmative request by the plaintiff that the case be dismissed with prejudice. *See Lynk v. LaPorte Superior Court No. 2*, 789 F.2d 554, 562–63 (7th Cir.1986) (noting that *Procter & Gamble* applies

■ As a formal matter, it is clear that we have no jurisdiction to review the final judgment in this case, because there is no case or controversy. The jurisdiction of the federal courts, under Article III of the U.S. Constitution, is limited to "Cases" and "Controversies." U.S. Const. art. III, § 2; *accord Clinton v. City of New York,* —— U.S. ——, 118 S.Ct. 2091, 2099, 141 L.Ed.2d 393 (1998). At the heart of the case or controversy requirement is the presence of adverse parties. *See GTE Sylvania, Inc. v. Consumers Union of the United States, Inc.,* 445 U.S. 375, 382–83, 100 S.Ct. 1194, 1199–1200, 63 L.Ed.2d 467 (1980). In this case, the required adverseness is lacking. The final judgment was entered in response to the plaintiff's motion for a dismissal with prejudice; she is now attempting to appeal the judgment that she requested. Neither party contends that the district court erred in entering final judgment for the defendant—the plaintiff specifically requested it, and the defendant (understandably) is not complaining. There is therefore no adverseness as to the final judgment, and thus no case or controversy.

■ The appellant, however, asks us to look beyond the form of the appeal to the substance thereof. In substance, this is not an appeal from a final judgment, but an appeal from an interlocutory order denying the plaintiff's motion to remand. The dismissal with prejudice was requested only as a means of establishing finality in the case such that the plaintiff could immediately appeal the interlocutory order—an order that the plaintiff believes effectively disposed of her case.

only to "special circumstances" in which the plaintiff is seeking dismissal with prejudice as "the appropriate sanction for its contumacy"); *see also Plasterers Local Union No. 346 v. Wyland Enters. Inc.,* 819 F.2d 217, 218–19 (9th Cir.1987) (reading *Procter & Gamble* narrowly). Consequently, *Procter & Gamble* is not controlling.

5. Under certain unusual circumstances, a court may treat an interlocutory order as a final judgment, and thus appellate review is available pursuant to 28 U.S.C. § 1291. *See Johnson v. Jones,* 515 U.S. 304, 310, 115 S.Ct. 2151, 2155, 132 L.Ed.2d 238 (1995). Those circumstances—especially the requirement that the order "be effectively unreviewable on appeal from a final judgment," *id.*—are not present here.

The problem with the plaintiff's approach is that it is not statutorily authorized. Congress has clearly stated the circumstances under which this court may hear an appeal from an interlocutory order. *See* 28 U.S.C. § 1292 (1994).[5] Appeals from certain interlocutory orders, such as orders granting injunctions, are allowed as a matter of right. *See* 28 U.S.C. § 1292(a). Other interlocutory orders may be appealed upon certification by the district court. *See* 28 U.S.C. § 1292(b). The district court's order denying remand is not among the orders from which an appeal lies as a matter of right, and the plaintiff did not seek an appeal by certification. The plaintiff instead attempts to appeal the interlocutory order by obtaining a dismissal with prejudice. There may (or may not) be good policy reasons for allowing an appeal to proceed in this manner. *See Chappelle v. Beacon Communications Corp.,* 84 F.3d 652, 654 (2d Cir.1996) (stating that allowing appeals from voluntary dismissals with prejudice "furthers the goal of judicial economy by permitting a plaintiff to forgo litigation on the dismissed claims while accepting the risk that if the appeal is unsuccessful, the litigation will end"); 15A Charles Alan Wright et al., *Federal Practice and Procedure* § 3914.8 at 619 (2d ed.1991); *see also Johnson v. Jones,* 515 U.S. 304, 309–10, 115 S.Ct. 2151, 2154–55, 132 L.Ed.2d 238 (1995) (discussing the costs and benefits of interlocutory appeals). That, however, is a decision that rests in the hands of Congress, which, along with the Constitution, sets the boundaries of this court's jurisdiction. *See Swint v. Chambers County Comm'n,* 514 U.S. 35, 45–48, 115 S.Ct. 1203, 1209–11, 131 L.Ed.2d 60 (1995).[6]

6. The discussion in *Swint* is especially instructive here. In *Swint v. City of Wadley, Ala.,* 5 F.3d 1435, 1449–50 (11th Cir.1993), this court had exercised "pendent appellate jurisdiction" over an interlocutory order that would not otherwise be appealable. The Supreme Court vacated our judgment for lack of jurisdiction, on the ground that the federal courts of appeals lack jurisdiction to review any interlocutory order outside of the framework established by 28 U.S.C. §§ 1291–1292. *See Swint v. Chambers County Comm'n,* 514 U.S. at 43–48, 115 S.Ct. at 1208–11. The Court held that the statutory framework governed despite arguments that the exercise of pendent appellate jurisdiction would further the goal of judicial economy. *See id.* at 43–44, 115 S.Ct. at 1208–09.

This appeal lies beyond those boundaries.[7]

Thus, regardless of whether we exalt form over substance or substance over form, we have no jurisdiction over this appeal. It is therefore DISMISSED.

BARKETT, Circuit Judge, concurring:

I agree with the majority that this court lacks jurisdiction to hear this appeal under the circumstances presented. I am not prepared at this time to agree with the dicta in footnote 7 rejecting outright our sister circuits' views permitting appellate review of a "voluntary dismissal where such a dismissal was granted only to expedite review of an order which had in effect dismissed appellant's complaint." *Studstill v. Borg Warner Leasing*, 806 F.2d 1005, 1008 (11th Cir.1986) (collecting cases). It is unnecessary to confront this issue directly, as the cases permitting such review do so only if it is clear that the appellant has "'lost on the merits'" and "'only seeks' and 'expeditious review.'" *Laczay v. Ross Adhesives*, 855 F.2d 351, 355 (6th Cir.1988) (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958)). The district court's denial of Druhan's motion to remand, however, did not have the effect of dismissing her action. Druhan still had the ability to make her claim under ERISA. Thus, even under the exceptions as noted in footnote 7 of the

majority opinion, she would still not be entitled to bring this appeal.

---

*Swint* also noted that the Supreme Court has the power, under 28 U.S.C. § 1292(e), to make rules that provide for alternative methods of interlocutory appeal. *See id.* at 48, 115 S.Ct. at 1210–11. Such alternative methods are, however, to be established by formal rulemaking rather than by judicial fiat. *See id.*

7. Other circuits have adopted a rule similar to that proposed by the appellant in this case, namely, that a plaintiff may appeal from a voluntary dismissal with prejudice if the dismissal was sought for the sole purpose of expediting review of a prior order that had effectively eliminated the plaintiff's claim. *See Trevino–Barton v. Pittsburgh Nat'l Bank*, 919 F.2d 874, 878 (3d Cir. 1990); *Laczay v. Ross Adhesives*, 855 F.2d 351, 355 (6th Cir.1988); *Empire Volkswagen, Inc. v. World–Wide Volkswagen Corp.*, 814 F.2d 90, 94–95 (2d Cir.1987); *see also John's Insulation, Inc. v. L. Addison & Assocs., Inc.*, 156 F.3d 101, 107 (1st Cir.1998) (dicta); *Himler v. Comprehensive*

*Care Corp.*, 993 F.2d 1537, 1993 WL 132941 (4th Cir.1993) (unpublished opinion). None of these opinions, however, have explained whence the court derives the authority to hear such an appeal.

The *Empire Volkswagen* court based its holding in part on our opinion in *Studstill v. Borg Warner Leasing*, 806 F.2d 1005 (11th Cir.1986). In *Studstill*, we stated that "appellate courts have reviewed voluntary dismissal where such a dismissal was granted only to expedite review of an order which had in effect dismissed appellant's complaint." *Id.* at 1008. *Studstill*, however, involved a dismissal without prejudice, *see id.*, and is therefore distinguishable from the case at hand. Furthermore, we later held *Studstill's* statement that a voluntary dismissal is appealable to be in conflict with earlier precedent and therefore invalid. *See Mesa*, 61 F.3d at 22 n. 5.