[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————

No. 97-6581

———————

D. C. Docket No. CV-97-AR-944-E

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
03/23/99
THOMAS K. KAHN
CLERK

TONY WOODARD, on behalf of himself
and all others similarly situated,

Plaintiff-Appellant,

versus

STP CORPORATION and FIRST BRANDS
CORPORATION,

Defendants-Appellees.

———————

Appeal from the United States District Court
for the Northern District of Alabama

———————

**(March 23, 1999)**

Before TJOFLAT, Circuit Judge, and GODBOLD and HILL, Senior Circuit Judges.

TJOFLAT, Circuit Judge:

The plaintiff, Tony Woodard, filed this suit on behalf of himself and all others similarly situated against the defendants in Alabama state court. The state court – prior to any service of process on the defendants – granted conditional class certification. The defendants, after receiving the complaint, removed the case to the United States District Court for the Northern District of Alabama on the basis of diversity of citizenship. See 28 U.S.C. § 1441 (1994). The plaintiff moved the district court, pursuant to 28 U.S.C. § 1447(c), to remand the case to state court. The motion was denied, and the district court vacated the state court's conditional class certification.

The plaintiff then filed a motion for voluntary dismissal. The defendants opposed the motion on the ground that they had already invested substantial resources in the litigation and did not want to relitigate the same claims in another forum. The district court granted the plaintiff's motion, but with prejudice[1] and subject to the condition that if

> any present counsel for Tony Woodard hereinafter files an individual or putative class action complaint against these defendants, or either of them, in any forum whatsoever and wheresoever, this court maintains the right on defendants' motion to assess against Tony Woodard and his present counsel the attorneys fees and expenses incurred by defendants in this case.

See Fed. R. Civ. P. 41(a)(2) (giving the district court authority to impose "terms and conditions" on a dismissal). Following the entry of judgment pursuant to the district court's dismissal order, the plaintiff took this appeal. He challenges the district court's denial of remand and the condition placed on the dismissal.

---

[1] Because there was no class certification, the dismissal was without prejudice to the putative class.

2

Denial of a motion to remand is an interlocutory order reviewable pursuant to district court certification under 28 U.S.C. § 1292(b) or on appeal from a final judgment. See Sheeran v. General Elec. Co., 593 F.2d 93, 97 (9th Cir. 1979). The plaintiff did not obtain district court certification, and therefore cannot appeal directly from the order denying remand.[2] He did, however, obtain a final judgment when the court granted with prejudice his motion for voluntary dismissal. See Druhan v. American Mut. Life Ins. Co., 166 F.3d 1324, – n.4 (11th Cir. 1999). That judgment is not appealable, however, because it was obtained at the request of the plaintiff and there is therefore no "case or controversy" in regard to it. See id. at –. We therefore lack jurisdiction to hear any challenge to the district court's denial of remand.

The condition imposed on the dismissal order is a more complex matter. In the order, the district court retains jurisdiction to assess, upon the defendants' motion, attorneys' fees and costs for this case against the plaintiff and his attorneys in the event that any of the plaintiff's present attorneys brings an action against the defendants in another forum. The only basis for granting such a motion would be as a sanction under Rule 11 of the Federal Rules of Civil Procedure.[3]

---

[2] The plaintiff filed a motion for certification in the district court, but then filed a motion for voluntary dismissal prior to obtaining a ruling on the motion for certification. The district court, in granting the motion for voluntary dismissal, dismissed the motion for certification as moot.

[3] Under the American Rule, each party bears its own costs in litigation. There are common law exceptions to this rule when an action is brought in bad faith, when a party wilfully disobeys a court order, or when an action creates a "common fund" or "common benefit." See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257-59, 95 S.Ct. 1612, 1621-22, 44 L.Ed.2d 141 (1975). In addition, assessment of attorneys' fees and costs may be authorized by contract or statute. See Johnson Enters. of Jacksonville, Inc., v. FPL Group, Inc., 162 F.3d 1290, 1329 (11th Cir. 1998). None of the common law exceptions is applicable, there is no relevant contractual provision, and the only statutory exception of any possible relevance is Rule 11.

See Fed. R. Civ. P. 11(c)(2) (stating that "attorneys' fees and other expenses incurred" are an appropriate form of sanction under the rule). By not imposing Rule 11 sanctions at the time the case was dismissed, however, the district court implicitly held that such sanctions are not appropriate in this case. Instead, the sanctions would serve as punishment for bringing a subsequent lawsuit. This is an improper use of Rule 11. Rule 11 sanctions are properly applied only to cases before the court, not to cases in other courts. If Rule 11 sanctions are warranted in a subsequent lawsuit brought by the plaintiff or his attorneys, it is the job of the court hearing the subsequent lawsuit – and not the court in this case – to impose such sanctions. Consequently, the district court abused its discretion in retaining jurisdiction to assess attorneys' fees and costs against the plaintiff and his attorneys. Cf. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381, 114 S.Ct. 1673, 1677, 128 L.Ed.2d 391 (1994) (noting that the retention of jurisdiction pursuant to a conditional dismissal under Rule 41(a)(2) is a matter of judicial discretion).

We therefore REVERSE the district court's judgment insofar as it purports to retain jurisdiction over this suit, and instruct the district court, upon receipt of this mandate, to delete the relevant portion of its dismissal order. In all other respects, the appeal is DISMISSED.

4