[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12230
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cv-00817-TCB


MIGUEL E. STUBBS,

                                                            Plaintiff-Appellant,

versus

CITIMORTGAGE, INC.,

                                                            Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 11, 2013)

Before MARCUS, WILSON and FAY, Circuit Judges.

PER CURIAM:

Miguel Stubbs, proceeding pro se, appeals the district court's dismissal of

his complaint for failure to state a claim upon which relief may be granted pursuant

to Federal Rule of Civil Procedure 12(b)(6).  Stubbs originally filed suit in Georgia state court, requesting declaratory relief and damages as a result of CitiMortgage, Inc.'s attempt to foreclose on his residence.  CitiMortgage removed the case to federal court on the basis of diversity jurisdiction.  On appeal, Stubbs raises three issues.  First, he argues that the district court erred in failing to remand the case to state court for lack of jurisdiction.  Second, he argues that the district court erred in dismissing the case without first giving him an opportunity to appeal the denial of his motion to remand.  Finally, he argues that the district court erred in granting CitiMortgage's unopposed motion to dismiss.

Upon review of the record and consideration of the parties' briefs, we affirm.

I.

We review questions of federal subject matter jurisdiction and a district court's denial of a motion to remand de novo.  *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).

Generally, a defendant may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Federal courts have original diversity jurisdiction over suits between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  A

2

corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

The district court did not err in exercising jurisdiction over this case. Diversity exists between Stubbs, a citizen of Georgia, and CitiMortgage, a corporation incorporated in New York with its principal place of business in Missouri. Further, Stubbs's complaint alleged damages in excess of $75,000. Thus, the district court properly exercised diversity jurisdiction under § 1332. Accordingly, we affirm the district court's denial of the motion to remand.

## II.

The denial of a motion to remand is "an interlocutory order reviewable pursuant to district court certification under 28 U.S.C. § 1292(b) or on appeal from a final judgment." *Woodard v. STP Corp.*, 170 F.3d 1043, 1044 (11th Cir. 1999). Under 28 U.S.C. § 1292(b), an appellate court may exercise jurisdiction over such an order if (1) a district judge states in the order that he is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," and (2) an application to appeal is made to the appropriate appellate court within ten days of such an order. 28 U.S.C. § 1292(b).

3

The district court did not err in dismissing the case without giving Stubbs an opportunity to appeal. Because the district court did not certify the issue for immediate appeal pursuant to § 1292(b), Stubbs could not seek interlocutory review of the district court's order denying his motion to remand. Accordingly, we hold that the district court did not err in ruling on the motion to dismiss before Stubbs could appeal the denial of his motion to remand.

### III.

The district court correctly found that CitiMortgage's motion to dismiss was unopposed by Stubbs. Under the Northern District of Georgia's Local Rules, "[a]ny party opposing a motion shall serve the party's response . . . not later than fourteen (14) days after service of the motion . . . . Failure to file a response shall indicate that there is no opposition to the motion." LR 7.1(B), N.D. Ga. Furthermore, the Federal Rules of Civil Procedure grant three additional days to a party who is filing in response to an action that was served by mail. Fed. R. Civ. P. 6(d).

Stubbs argues that the district court erred in finding the motion to dismiss unopposed after only nineteen days. However, under Local Rule 7.1(B) and Rule 6(d), the motion could be deemed unopposed after seventeen days. Thus, the district court did not err in finding the motion unopposed.

4

We review the district court's grant of a motion to dismiss de novo, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008) (per curiam).  Although we liberally construe the pleadings of pro se litigants, "we nevertheless . . . require[] them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) (internal quotation marks omitted).  Additionally, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson*, 518 F.3d at 874.

Factual allegations in a complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) (citation omitted).  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

On the merits, the arguments raised by Stubbs have no basis in Georgia law.

Thus, he failed to state a claim to relief that is plausible on its face.  Accordingly,

we affirm the district court's grant of the motion to dismiss.

**AFFIRMED.**