[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11064
Non-Argument Calendar

_____

D.C. Docket No. 8:15-cv-02832-EAK-JSS

THE ESTATE OF LCDR NOEL ROBBINS, USN (RET.),
Via Personal Representative, Carrole Ward,

Plaintiff-Appellant,

versus

JAMES CLAYTON RUNYON,
Esquire,
KAREN LYNN HICKS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 13, 2018)

Before MARCUS, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Carrole Ward, proceeding pro se and acting as the personal representative on behalf of the estate of her late husband, Noel Robbins ("Estate"), appeals the district court's dismissal of this civil action. We dismiss the appeal for lack of jurisdiction.

Briefly stated, this case arises from the contentious divorce proceedings between Robbins and his ex-wife, Defendant Karen Hicks. The 12-count complaint alleges that Hicks and her divorce lawyer, Defendant James Runyon, committed fraud on the state court. The complaint also seeks to void various state court orders entered during the divorce proceedings and during the administration of Robbins's estate.

The magistrate judge determined that Ward, as a non-lawyer, was not permitted to proceed pro se on behalf of the Estate and that the complaint was thus subject to dismissal under Fed. R. Civ. P. 12(b)(6). The district court entered an order directing the Estate to retain counsel, noting that failure to do so would result in dismissal of the case without further notice.

Ward sought to appeal the district court's order. This Court dismissed sua sponte Ward's appeal for lack of jurisdiction, concluding that no final and appealable order existed. Ward then moved the district court to enter a "Final

2

Order of Dismissal for Failure to Retain Counsel." On 16 February 2017, the district court granted Ward's motion and dismissed the case. Ward now appeals from the district court's 16 February order.

Before reaching the merits, we must first determine whether we have jurisdiction to consider this appeal. Adams v. Monumental Gen. Cas. Co., 541 F.3d 1276, 1277 (11th Cir. 2008). We review de novo jurisdictional issues. Id.

We are uncertain whether the district court's 16 February order dismissed the case with or without prejudice. The order says the case is dismissed "[p]ursuant to the Motion for Final Order of Dismissal" and "at the Plaintiff's request." The order imposes no conditions of dismissal. To the extent the district court's order can be read as having dismissed the case voluntarily without prejudice, it is no appealable final order over which we have jurisdiction. See Versa Prods. v. Home Depot USA, Inc., 387 F.3d 1325, 1327 (11th Cir. 2004) ("Ordinarily a plaintiff cannot appeal an order granting a voluntary dismissal without prejudice under Rule 41(a)(2)" because the dismissal "does not qualify as an involuntary adverse judgment so far as the plaintiff is concerned."); Trujillo v. Banco Cent. Del Ecuador, 379 F.3d 1298, 1301 (11th Cir. 2004) (same).

To the extent the district court's order can be construed as a dismissal with prejudice, we must determine whether the appeal satisfies the constitutional requirements for federal court jurisdiction. See OFS Fitel, LLC v. Epstein, 549

3

F.3d 1344, 1356 (11th Cir. 2008). To satisfy Article III's "case or controversy" requirement, an appellant must be adverse to the final judgment challenged on appeal. Druhan v. Am. Mut. Life, 166 F.3d 1324, 1326 (11th Cir. 1999).

Generally speaking, when a final order of dismissal with prejudice is entered at the plaintiff's request, the required level of adverseness is lacking and the judgment is not appealable. See id.; Woodard v. STP Corp., 170 F.3d 1043, 1044 (11th Cir. 1999). We have recognized an exception to this general rule, however, when a plaintiff moves for voluntary dismissal with prejudice based on the issuance of an adverse non-final order that is both "undisputedly case-dispositive" and one that the plaintiff opposed on the merits. OFS Fitel, LLC, 549 F.3d at 1357-58. Under those circumstances, the plaintiff is sufficiently adverse to the final judgment to satisfy our constitutional jurisdictional requirements. Id.

Here, Ward seeks to appeal from a final order of dismissal entered on her own motion: an order that is typically not appealable. See Druhan, 166 F.3d at 1326; Woodard, 170 F.3d at 1044. In addition -- unlike the order at issue in OFS Fitel -- the adverse non-final order central to this appeal was not "undisputedly case-dispositive." Although the district court warned that the Estate's complaint would be subject to dismissal if the Estate failed to retain counsel, that ruling had no bearing on the merits of the claims asserted in the complaint. Cf. OTS Fitel, LLC, 549 F.3d at 1357 (determining that the district court's sanctions order

4

"excluding plaintiff's legal expert was case-dispositive because it foreclosed [plaintiff] from presenting the expert testimony required to prove professional negligence, which was a core element in all of its claims."). Nothing in the district court's ruling would have legally precluded the Estate from continuing to assert its claims -- through counsel -- in this litigation or by re-filing the complaint at a later date.

The appeal is dismissed for lack of jurisdiction.

DISMISSED.