[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11396

Non-Argument Calendar

_____

BULENT COSGUN,

Plaintiff-Appellant,

*versus*

SEABOURN CRUISE LINE LIMITED INC.,
a foreign corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cv-61378-RKA

_____

Before JILL PRYOR, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Bulent Cosgun appeals from the district court's order granting Seabourn Cruise Line's motion to compel arbitration, staying the case pending the completion of arbitration, and denying his motion to remand the case to state court. The order also directed the parties to routinely file joint reports on the status of the arbitration proceedings and, when the arbitration is completed, to file a joint notice describing the outcome of the arbitration

An appeal may not be taken from an interlocutory order that compels arbitration and stays, rather than dismisses, the action. 9 U.S.C. § 16(b)(1)-(3); *see Am. Express Fin. Advisors, Inc. v. Makarewicz*, 122 F.3d 936, 939 & n.4 (11th Cir. 1997) (dismissing for lack of jurisdiction appeal of an order compelling arbitration, staying proceedings, and administratively closing the case); *Green Tree Fin. Corp.-Ala. V. Randolph*, 531 U.S. 79, 87 n.2 (2000) (noting that if the district court had entered a stay, rather than a dismissal, the order would not have been appealable, per 9 U.S.C. § 16(b)(1)). The district court's order here stayed, rather than dismissed, the case and expressly contemplated further proceedings. *Cf. Martinez v. Carnival Corp.*, 744 F.3d 1240, 1244 (11th Cir. 2014) (noting that administratively closing a case is not the same as dismissing a case and finding that order compelling arbitration was immediately

23-11396                Opinion of the Court                3

appealable where it "[n]otably . . . did not stay the proceedings, nor did it contemplate any further action on this case"). Additionally, the denial of Cosgun's motion for remand is not final or reviewable because the district court has not entered a final judgment and the order denying the motion was not certified pursuant to 28 U.S.C. § 1292(b). *See* 28 U.S.C. § 1292(b); *Woodard v. STP Corp.*, 170 F.3d 1043, 1044 (11th Cir. 1999) (holding that the denial of a motion for remand of a case removed to federal court is not final and cannot be reviewed unless certified pursuant to § 1292(b) or on appeal from a final judgment).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.