[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13043

Non-Argument Calendar

_____

THE ESTATE OF SAMUEL I. ROIG,
by and through its Personal Representative Gail Olivera,
KYLE ROIG,
an individual,
SAM ROIG,
an individual,
GAIL OLIVERA,
an individual,

                                                    Plaintiffs-Appellants,

*versus*

UNITED PARCEL SERVICE, INC.,
a business entity,
THOMAS O'MALLEY,

an individual,
ROMAINE SEGUIN,
an individual,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:20-cv-60811-AMC

_____

Before WILLIAM PRYOR, Chief Judge, and LAGOA and BRASHER, Circuit Judges.

PER CURIAM:

Gail Olivera, individually and on behalf of the estate of Samuel Roig, and Roig's children, Kyle and Sam, appeal the denial of their motion to vacate the final judgment, Fed. R. Civ. P. 60(b)(4), against their complaint of employment discrimination and tortious conduct under Florida law. We affirm.

In 2018, the Roigs, citizens of Florida, sued United Parcel Service, an Ohio corporation with its principal place of business in Georgia, and Thomas O'Malley, a Florida citizen, in a Florida court. United and O'Malley removed the case to the district court, 28 U.S.C. § 1332, and argued that the Roigs fraudulently joined

O'Malley to defeat diversity jurisdiction. The Roigs voluntarily dismissed their complaint without prejudice. Seven months later, the Roigs unsuccessfully tried to amend their original complaint in state court by adding United manager Juan Vicente as a defendant, but the state court struck the complaint.

In 2020, the Roigs filed a second lawsuit in state court against United and O'Malley and added United employee Romaine Seguin as a non-diverse defendant. The defendants removed the second lawsuit to the district court and argued that the Roigs fraudulently joined defendants O'Malley and Seguin to defeat diversity jurisdiction. The Roigs moved to remand.

A magistrate judge issued a report and recommendation that the district court deny the motion to remand because O'Malley and Seguin were fraudulently joined as defendants. The district court adopted the report and recommendation over the Roigs' objections and denied their motion to remand. Because the denial of a motion to remand is not an appealable final order, 28 U.S.C. § 1291, we dismissed the Roigs' appeal from that order for lack of jurisdiction.

The Roigs moved the district court to enter a "consent final judgment" to create an appealable final order so they could challenge the denial of their motion to remand. The district court warned the Roigs that, under *Druhan v. Am. Mut. Life*, 166 F.3d 1324 (11th Cir. 1999), they would not be able to appeal the denial of their motion to remand after requesting a consent judgment. The Roigs and United later submitted a joint proposed judgment for dismissal

with prejudice. The district court entered the proposed judgment as requested. We dismissed the Roigs' appeal for lack of jurisdiction because they lacked standing to appeal the final judgment they requested. *Roig v. United Parcel Serv., Inc.*, No. 21-11915, at *1 (11th Cir. Sept. 1, 2021), *cert. denied sub nom. Est. of Roig by & Through Oliveira v. United Parcel Serv., Inc.*, 142 S. Ct. 2679 (2022).

Seven months later, the Roigs filed a "motion for relief from final judgment and to remand to state court," under Fed. R. Civ. P. 60(b)(4). They argued that the district court lacked an arguable basis for subject-matter jurisdiction because their complaint stated valid claims against O'Malley and Seguin. The district court denied the Roigs' motion.

We review the denial of a motion under Federal Rule of Civil Procedure 60(b)(4) *de novo*. *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001). Rule 60(b)(4) allows a party to seek relief from a final judgment that "is void," but only in the "rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270–71 (2010). So "courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *Id*. at 271.

The Roigs argue that the final judgment is premised on a "jurisdictional error" by the district court in denying their motion

to remand, but they fail to explain how the district court lacked an "arguable basis" for exercising jurisdiction. *See id.* We have held district courts must "ignore the presence of [a] non-diverse defendant and deny any motion to remand" if a plaintiff has named a non-diverse defendant solely to defeat diversity jurisdiction. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). This inquiry enforces a jurisdictional statute, 28 U.S.C. § 1332, the erroneous application of which will not render a resulting judgment void. *Espinosa*, 559 U.S. at 270; *Oakes v. Horizon Fin., S.A.*, 259 F.3d 1315, 1319 (11th Cir. 2001) ("[I]t is well-settled that a mere error in the exercise of jurisdiction does not support relief under Rule 60(b)(4)."). Relief under Rule 60(b)(4) requires a total want of jurisdiction; only a clear usurpation of power renders a judgment void. *See Oakes*, 259 F.3d at 1319–20 (citing *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661–62 (1st Cir. 1990)). Because the district court had at least an "arguable basis" for jurisdiction, the Roigs failed to establish the "rare instance" in which "exceptional" relief is warranted, Fed. R. Civ. P. 60(b)(4). *Espinosa*, 559 U.S. at 270–71; *Oakes*, 259 F.3d at 1319–20.

We **AFFIRM** the denial of the Roigs' motion for relief from the final judgment and **DENY** their motion to vacate as moot.