**FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12050
_____

STATE OF GEORGIA,

*Plaintiff-Appellant*,

*versus*

ERIC HEINZE, et al.,

*Defendants-Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cr-00388-VMC-1
_____

Before BRANCH, LUCK, and LAGOA, Circuit Judges.

LAGOA, Circuit Judge:

This appeal asks us to determine whether the State may seek a "limited remand" so that it could bring a superseding indictment against Defendants in state court.  Such a remand was needed, the State contended, because 28 U.S.C. § 1442 divested the state court of jurisdiction and, under Georgia law, a superseding indictment can be brought only in a state court with jurisdiction over the case.  The district court denied the motion after determining that there was no basis in law for a "limited remand," and the State appealed.  After careful review and with the benefit of oral argument, we dismiss this appeal for lack of jurisdiction.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In August 2016, Jamarion Robinson had three outstanding felony arrest warrants: two for aggravated assault based on his alleged pointing of a firearm at police officers, and one for attempted arson based on his alleged attempt to set his mother's home on fire while she slept.[1]  The U.S. Marshal Service's Southeast Regional Fugitive Task Force was tasked with apprehending Robinson and Defendants Eric Heinze and Kristopher Hutchens were two of the officers on the task force.  The task force in 2016 located Robinson at his girlfriend's apartment and conducted a raid, which resulted in Robinson's death.

Five years later, in October 2021, Defendants were indicted by a state grand jury in Fulton County for felony murder, aggravated assault with a deadly weapon, first-degree burglary, making

---

[1] Robinson suffered from schizophrenia.

a false statement, and violation of oath by public officer. Defendants separately filed notices of removal in the district court, arguing that they were federal officers and were entitled to trial in federal district court pursuant to 28 U.S.C. § 1442.

The State moved to remand the actions to state court, contending that the district court lacked subject matter jurisdiction. The district court consolidated the cases and denied the State's motion.

In March 2023, Defendants filed separate motions to dismiss the indictment because of their alleged immunity under the Supremacy Clause and Georgia's self-defense law and because of improper venue.

In May 2023, the State filed a motion for a limited remand to state court to obtain a superseding indictment. The State wanted to drop the charges related to false statements and add charges for conspiracy, malice murder, and felony murder. The State proposed that it would file a notice within two days of obtaining an indictment to return to federal court.

At a telephone conference regarding this motion, the district court stated that it planned to issue a written decision denying the motion for a limited remand due to concerns about timing. The State filed its reply the next day, arguing that it had substantial discretion in prosecuting state offenses, was not required to explain the timing for its charging decision, could not ask a federal grand jury to return an indictment on state law charges, and could not locate authority authorizing the district court to convene a state

grand jury.  The State also argued that denial of its motion would effectively enjoin it from filing a superseding indictment.

At a second hearing on the motion, the State argued that the district court had authority to remand the case because § 1442 contemplated concurrent jurisdiction, § 1455 provides for the greater power of remanding the whole case, and the All Writs Act and the court's inherent authority could effectuate this.  Defendants argued that the State could "nolle pros" the indictment under Fed. R. Crim. P. 1(a)(4) and restart the proceedings with the additional charges.  The State asserted that it could not convene a federal grand jury, but that it possibly could "bring a brand new indictment before state court" or "nolle pros this entirely and go back to state court and bring a new indictment."

The district court orally denied the State's motion, concluding that it lacked authority to remand, and subsequently entered its written order.  In its order, the district court explained that it was "not convinced that it [had] the authority to permit a limited remand" given that 28 U.S.C. § 1447(c) allows for remand only where the district court apparently lacks subject matter jurisdiction and that the State cited no precedent supporting its proposal.  The district court also concluded that, even if it could remand, it would not, because it was "not convinced" that the State could not supersede the indictment through other means and it was concerned that there would be "no limitation on future requests for remands." The district court said the new charges would not affect the

Defendants' defenses and that the motion was untimely under the court's scheduling deadlines.  This appeal ensued.

Following briefing, the Court asked the parties to address whether we had jurisdiction to review the denial of the State's motion for a limited remand and, specifically, whether the district court's order was appealable under the collateral order doctrine.

## II.    ANALYSIS

"We are required to examine our jurisdiction *sua sponte,* and we review jurisdictional issues *de novo*."  *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009) (internal citations omitted).  Because we normally have jurisdiction only "of appeals from all *final* decisions of the district courts of the United States," 28 U.S.C. § 1291 (emphasis added), we requested the parties to address whether we have jurisdiction to hear this appeal since it concerns a non-final order, *see Woodard v. STP Corp.*, 170 F.3d 1043, 1044 (11th Cir. 1999) (noting, in the civil context, that a "[d]enial of a motion to remand is an interlocutory order"); *United States v. Shalhoub*, 855 F.3d 1255, 1260 (11th Cir. 2017) (noting that, generally, "[t]he final judgment rule prohibits appellate review of a pretrial order in a criminal case until conviction and imposition of sentence" (cleaned up)).

The State contends that two exceptions to the final judgment rule provide us with appellate jurisdiction: (1) the collateral order doctrine and (2) § 1292(a)(1)'s grant of jurisdiction over interlocutory orders granting an injunction.  We address each in turn.

### 1.  The Collateral Order Doctrine

Under the collateral order doctrine, courts have employed "a practical construction of § 1291's final decision rule that accommodates a small class of rulings, not concluding the litigation, but conclusively resolving claims of right separable from, and collateral to, rights asserted in the action." *Plaintiff A v. Schair*, 744 F.3d 1247, 1252 (11th Cir. 2014) (cleaned up). This doctrine has been applied in the criminal context. *See Shalhoub*, 855 F.3d at 1260 ("We apply the final judgment rule with utmost strictness in criminal cases, unless the challenged order falls within the collateral order doctrine …." (cleaned up)). To be reviewable under this doctrine, an interlocutory order must "(1) conclusively determine[] the disputed question, (2) resolve[] an important issue completely separate from the merits of the action, and (3) [be] effectively unreviewable on appeal from a final judgment." *Id.* (cleaned up).

According to the State, "the district court's [o]rder conclusively resolves the question of whether the State may file a superseding indictment in this case." Under Georgia law, the State claims, a superseding indictment can be brought only in a state court with jurisdiction over the case, but when this case was removed to federal district court under 28 U.S.C. § 1442, the state court was ordered to "proceed no further." 28 U.S.C. § 1455(b)(5). Thus, the State contends, the state court lost jurisdiction over the case, so the State can no longer bring a superseding indictment unless the federal district court remands the case to state court for this limited purpose.

Although we express no view on the State's interpretation of Georgia state law, we find no merit in the State's interpretation of 28 U.S.C. § 1455(b)(5). The State reads this statutory provision as requiring the state court "to proceed no further." But that is not what the provision says. The relevant language is this: "If the United States district court determines that removal shall be permitted, it shall so notify the State court in which prosecution is pending, which shall proceed no further." § 1455(b)(5). What "shall proceed no further" is identified by the relative pronoun "which." The question, then, is: to what does "which" refer?

"The rule of the last antecedent … provides that '[a] pronoun, relative pronoun, or demonstrative adjective generally refers to the nearest reasonable antecedent.'" *ECB USA, Inc. v. Chubb Ins. Co. of New Jersey*, 113 F.4th 1312, 1321 (11th Cir. 2024) (quoting Antonin Scalia & Brian A. Garner, *Reading Law: The Interpretation of Legal Texts* 144 (2012)); *see also Barnhart v. Thomas*, 540 U.S. 20, 26 (2003) ("[A] limiting clause or phrase … should ordinarily be read as modifying only the noun or phrase that it immediately follows …."). Here, the "nearest reasonable antecedent" to the relative pronoun "which" is "prosecution," not "State court." The relevant federal removal statute defines "criminal prosecution" to include "any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued." 28 U.S.C. § 1442(d)(1). "If removal is sought for a proceeding described in the previous sentence, and there is no other basis for removal, *only* that proceeding may be removed to the district court."

*Id.* (emphasis added).  Thus, if only the "prosecution" "shall proceed no further," as indicated by the last antecedent canon, then the state court does not lose the ability to conduct a separate grand jury proceeding for the issuance of a superseding indictment—the grand jury proceeding is not the removed prosecution nor, for that matter, does it result in a judicial order.

We see no textual reason to read § 1455(b)(5) any other way. *See Barnhart*, 540 U.S. at 26 ("While this rule [of the last antecedent] is not an absolute and can assuredly be overcome by other indicia of meaning, we have said that construing a statute in accord with the rule is quite sensible as a matter of grammar." (cleaned up)); *Lockhart v. United States*, 577 U.S. 347, 351 (2016) ("When this Court has interpreted statutes that include a list of terms or phrases followed by a limiting clause, we have typically applied an interpretive strategy called the 'rule of the last antecedent.'").

So, contrary to the State's interpretation, § 1455(b)(5) requires only that the removed prosecution "shall proceed no further" in state court, not that the state court loses the ability to conduct a grand jury proceeding for the issuance of a superseding indictment.

The State also contends that it is prevented from obtaining a superseding indictment for other reasons, such as a state statute of limitations for the proposed conspiracy charges.  But that is a problem of state law, not federal law.  Besides, such a focus on the State's particular problems in this case is too narrow for the collateral order doctrine.  *Cf. Mohawk Indus., Inc. v. Carpenter*, 558 U.S.

100, 107 (2009) ("[W]e do not engage in an individualized jurisdictional inquiry. Rather, our focus is on the entire category to which a claim belongs. As long as the class of claims, taken as a whole, can be adequately vindicated by other means, the chance that the litigation at hand might be speeded, or a particular injustice averted, does not provide a basis for jurisdiction under § 1291." (cleaned up)).

Thus, we conclude that the district court's order denying the State's motion for a "limited remand" did not "conclusively determine[] the disputed question." *See Shalhoub*, 855 F.3d at 1260. With or without remand to state court, federal law does not prohibit the State from seeking a superseding indictment before a grand jury in state court. We therefore do not have jurisdiction over this appeal under the collateral order doctrine. We now turn to whether we have jurisdiction under § 1292(a)(1).

### 2. Jurisdiction Under 28 U.S.C. § 1292(a)(1)

"Section 1292(a) creates a narrow exception from the 'long-established policy against piecemeal appeals.'" *Positano Place at Naples I Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, 84 F.4th 1241, 1248 (11th Cir. 2023) (quoting *Gardner v. Westinghouse Broad. Co.*, 437 U.S. 478, 480 (1978). Under 28 U.S.C. § 1292(a)(1), "the courts of appeals shall have jurisdiction of appeals from … [i]nterlocutory orders of the district courts of the United States … granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court[.]" Also reviewable under this

statutory provision are interlocutory orders "that have the practical effect of granting or denying injunctions." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 287–88 (1988). An injunctive order, however, must "have a serious, perhaps irreparable, consequence" and must "be effectually challenged only by immediate appeal." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981) (cleaned up). *See also Positano* 84 F.4th at 1251–52; *United States v. City of Hialeah*, 140 F.3d 968, 973–74 (11th Cir. 1998).

The State argues that we have jurisdiction "pursuant to 28 U.S.C. § 1292(a)(1)" because the district court's order denying a "limited remand" "has the practical effect of enjoining the State from exercising its right to seek a superseding indictment," "has serious and irreparable consequences for the State because the State will lose the ability to exercise its discretion to bring appropriate additional charges … once jeopardy attaches," and "can only be challenged by immediate appeal" since trial on an indictment the State does not want cannot be remedied after trial.

We disagree. In *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117 (11th Cir. 2005), we held that an interlocutory order appealable under § 1292(a)(1) must (1) be "a clearly defined and understandable directive by the court to act or to refrain from a particular action," (2) be "enforceable through contempt, if disobeyed," and (3) have a "'direct or irreparable impact on the merits of the controversy.'" *Id.* at 1128–29 (quoting *Gardner,* 437 U.S. at 482). This applies to orders characterized as having the practical effect of an injunction. *See James River Ins. Co. v. Ultratec Special*

*Effects Inc*, 22 F.4th 1246, 1252 (11th Cir. 2022) ("We may review orders that do not expressly grant injunctions when they have certain qualities of injunctions that make them immediately appealable—for example, when the order is directed to a party, is enforceable by contempt, and provides relief on the merits.").

Here, we conclude that the district court's order does not have the practical effects of granting an injunction. The district court's denial of the State's motion for a "limited remand" is a procedural decision as it does not directly or irreparably impact the merits of the criminal case. Even more dispositive is the fact that the district court's order cannot be construed as practically enjoining the State from seeking a superseding indictment. This is so for two reasons. First, as we explained before, with or without remand, federal law does not prohibit the State from seeking a superseding indictment before a grand jury in state court. Second, the district court's order expressly contemplated that the State may be able to supersede the indictment without a "limited remand." Indeed, the State admitted at a hearing before the district court that it could seek a new indictment in state court. Because the district court did not practically enjoin the State from seeking a superseding indictment in state court, we lack jurisdiction over this appeal as well under § 1292(a)(1).

## III.    CONCLUSION

Accordingly, for the reasons stated, we dismiss this case for lack of jurisdiction.

**DISMISSED.**

23-12050                BRANCH, J., Concurring                1

BRANCH, Circuit Judge, Concurring:

This case arises from a state criminal prosecution of two federal task force officers. After the defendants removed the case to federal court, the State of Georgia (the "State") moved for a limited remand to state court so that it could seek a superseding indictment from a Fulton County grand jury. The district court denied the State's motion for limited remand, and the State appealed.

I write separately to concur because, despite holding that we lack jurisdiction, the majority addresses whether the State can obtain a superseding indictment without the case being remanded. I would not reach that issue, but I agree that we lack jurisdiction.

## I.    Background

A Fulton County grand jury indicted Eric Heinze and Kristopher Hutchens on various charges related to the death of Jamarion Robinson. The defendants, deputized federal task force officers, removed the case to federal court under 28 U.S.C. § 1442, the federal officer removal statute.

After the district court denied its initial motion for remand, the State moved for "limited remand" so that it could supersede the indictment. According to the State, without the limited remand, it could not seek the new charges before a state grand jury.

Following a hearing on the motion, the district court denied the State's motion for limited remand on multiple grounds. First, it held that it lacked statutory authority to order a limited remand.

2                    BRANCH, J., Concurring                    23-12050

Then, the district court held that "even if it did have the authority, it would not be appropriate to exercise it here" because the court was "not convinced that the State needs a limited remand to supersede the indictment particularly given the limited role judges have in the grand jury process."  "The availability of alternatives" and the "concern that if allowed now, there would be no limitation on future requests for remands to add charges" were also "factors that weigh[ed] in favor of denying the State's motion."

The State appealed, and we directed the parties to address whether we had jurisdiction to review the denial of the State's motion for limited remand.

## II.    Discussion

As the majority states, "[w]e are required to examine our jurisdiction *sua sponte*, and we review jurisdictional issues *de novo*." *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009) (citation omitted).

Under 28 U.S.C. § 1291, we "have jurisdiction of appeals from all final decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme Court." The State argues that although the district court's order was not a final decision under § 1291, we have jurisdiction under the collateral order doctrine and 28 U.S.C. § 1292(a)(1)—each of which permit appeals from interlocutory orders under certain circumstances.

23-12050          BRANCH, J., Concurring          3

### A.    The Collateral Order Doctrine

I agree with the majority that we lack jurisdiction under the collateral order doctrine, but in reaching that determination, I would refrain from addressing the merits of whether 28 U.S.C. § 1455(b)(5) prevents the State from pursuing a superseding indictment absent a limited remand. The district court did not conclusively decide that issue, and it is not properly before this Court.

To be appealable under the collateral order doctrine, a district court's order must "(1) conclusively determine[] the disputed question, (2) resolve[] an important issue completely separate from the merits of the action, and (3) [be] effectively unreviewable on appeal from a final judgment." *United States v. Shalhoub*, 855 F.3d 1255, 1260 (11th Cir. 2017) (quotations omitted).[1] Like the majority, I believe this case cannot survive the first prong.

I agree with the majority that the "disputed question" is "whether the State may file a superseding indictment in this case."[2]

---

[1] The collateral order doctrine is a "narrow exception" to the final judgment rule that is interpreted "with the utmost strictness in criminal cases." *Flanagan v. United States*, 465 U.S. 259, 265 (1984).

[2] The parties contest the proper framing of the disputed question. The State argues that the disputed question is "whether the State may file a superseding indictment in this case." I accept the State's framing of the disputed question because I find that even under the State's theory we lack jurisdiction under the collateral order doctrine.

4                    BRANCH, J., Concurring                    23-12050

The question we must decide for purposes of the collateral order doctrine, then, is whether the district court's order "conclusively determine[d]" that the State could not "file a superseding indictment in this case." *See id.* That is, we need ask only whether the court's order "finally settled the question [whether the State could supersede the indictment] and did not leave anything open, unfinished, or inconclusive." *Royalty Network, Inc. v. Harris*, 756 F.3d 1351, 1355 (11th Cir. 2014).

Here, the district court did not decide the disputed question: whether the State could supersede the indictment in this case. The court held *only* that the State could not receive a limited remand to do so. After analyzing whether it had the statutory authority to remand the case, the district court mentioned that it "was not convinced that the State needs a limited remand" and opined that there were available "alternatives" that would allow the State to supersede the indictment. But the district court did not address any specific "alternatives" or evaluate their legal merits. So the court left the question of whether the State can supersede the indictment "open, unfinished, [and] inconclusive." *Id.* Because the district court did not "conclusively" resolve whether the State could supersede the indictment in this case, the State fails the first prong of the collateral order doctrine.[3] I would end the collateral order doctrine analysis there.

---

[3] The State fails the first prong of the collateral order doctrine even if the district court's opinion that the State has "alternatives" is wrong. At the jurisdictional stage, we must decide only whether the district court

23-12050                BRANCH, J., Concurring                5

But the majority continues, addressing the merits of the very question that the district court's order left open: whether the State can supersede the indictment absent a limited remand. Because we lack jurisdiction, we should not address that merits question.

B.      *Jurisdiction Under 28 U.S.C. § 1292(a)(1)*

I agree with the majority's conclusion that we lack jurisdiction under 28 U.S.C. § 1292(a)(1) but diverge from the majority in my reasoning. The majority again premises its decision in part on its merits conclusion that "federal law does not prohibit the State from seeking a superseding indictment before a grand jury in state court." I would not reach the merits.

Under 28 U.S.C. § 1292(a)(1) we have jurisdiction over appeals from "[i]nterlocutory orders . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court." Section 1292(a)(1) also grants us jurisdiction over interlocutory orders "that have the practical effect of granting or denying injunctions and have serious, perhaps irreparable, consequence." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 287–88 (1988) (quotations omitted).

The State argues that the district court's order denying limited remand has the practical effect of enjoining it from superseding the indictment. Not so. The district court explicitly

---

"conclusively determined" that the State could not supersede the indictment. As discussed above, it did not.

6                     BRANCH, J., Concurring                 23-12050

stated that it believed there were available alternatives to limited remand that would allow the State to supersede the indictment. Nothing in the district court's order prevents the State from pursuing such alternatives.

That analysis aligns with one of the majority's reasons for determining that we lack jurisdiction. But the majority provides an alternative justification—it reasons that because federal law does not prohibit the State from seeking a superseding indictment, the district court's order does not practically enjoin the State from seeking a superseding indictment. I disagree with the majority's alternative justification because it relies on its earlier conclusion that federal law does not prohibit the State from seeking a superseding indictment, which impermissibly weighs in on the merits. Rather than analyzing the practical effect of the district court's order, the majority answers a substantive question of federal law.

### III.    Conclusion

For the above reasons, we lack jurisdiction. I concur.