[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 2, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14547

_____

D. C. Docket No. 05-00132-CV-CDL-4

KIMBERLY M. ADAMS,
individually and on behalf of a class of persons
similarly situated,

Plaintiff-Appellee,

versus

MONUMENTAL GENERAL CASUALTY COMPANY,
a corporation,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

Before WILSON, PRYOR and COX, Circuit Judges.

PER CURIAM:

Monumental General Casualty Company appeals an order that granted its motion to compel arbitration of a dispute with Kimberly Adams. Monumental complains that the district court compelled arbitration under one contract instead of two contracts. We dismiss this appeal for lack of jurisdiction.

When she bought a truck, Adams entered a retail installment contract to finance both the purchase of the truck and the premium for an insurance policy from Monumental. The policy insured Adams for the difference between what she would owe under the retail installment contract and what an insurer would pay for the truck if the truck was damaged beyond repair. Adams paid the loan early.

Adams filed a lawsuit against Monumental for a refund of some of the premium because she paid the loan early. The district court granted a motion filed by Monumental to compel arbitration of the dispute under the Federal Arbitration Act, 9 U.S.C. §§ 3, 4, and to stay all judicial proceedings relating to the transaction. Both the retail installment contract and the certificate of insurance issued by Monumental included an arbitration agreement.

The district court concluded that the arbitration agreements contained in both the retail installment contract and the certificate of insurance were enforceable. The district court later denied Adams's motion for reconsideration, but the court modified its order to delete a sentence about the retail installment

2

contract as "unnecessary dicta":

> When the Court made that statement, it understood that Plaintiff was relying upon the retail installment contract, which included the arbitration clause, as an essential part of her claim. Plaintiff now represents to the Court that the retail installment contract is not essential to her claim in this case. If Plaintiff's claim is not dependent upon the retail installment contract, then that would affect the Court's analysis of Defendant's motion to compel arbitration under the retail installment contract. Accordingly, the Court hereby amends its July 17, 2007 Order by deleting that sentence which the Court considers to be dicta.

The district court stated that it was not deciding whether arbitration of Adams's complaint was required under the retail installment contract.

We are required to examine our jurisdiction sua sponte. Finn v. Prudential-Bache Sec., Inc., 821 F.2d 581, 584–85 (11th Cir. 1987). We review jurisdictional issues de novo. AT&T Mobility, L.L.C. v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 494 F.3d 1356, 1360 (11th Cir. 2007).

We have no jurisdiction over this appeal because the district court compelled arbitration. 9 U.S.C. § 16(b)(2). Section 16 governs the appealability of interlocutory orders regarding arbitration, Conart, Inc. v. Hellmuth, Obata + Dassabaum, Inc., 504 F.3d 1208, 1210 (11th Cir. 2007), and subsection (b)(2) states that "an appeal may not be taken from an interlocutory order . . . directing arbitration to proceed," 9 U.S.C. § 16(b)(2). This section resolves this appeal.

Monumental argues that we have jurisdiction because the district court

3

denied as moot the right of Monumental to arbitrate under the retail installment contract. Section 16 provides that "an appeal may be taken from (1) an order . . . (B) denying a petition under section 4 of this title to order arbitration to proceed." 9 U.S.C. § 16(a)(1)(B). We disagree with the notion that the district court denied Monumental the right to arbitrate.

"[A] party cannot appeal a district court's order unless, at the end of the day, the parties are forced to settle their dispute other than by arbitration." Augustea Impb Et Salvataggi v. Mitsubishi Corp., 126 F.3d 95, 98–99 (2d. Cir. 1997). The district court compelled arbitration of the parties' dispute without deciding whether arbitration was also available under the retail installment contract. When a district court compels arbitration of a dispute under one contract and is silent about whether another contract provides for arbitration of the same dispute, section 16(a)(1)(B) is not implicated. We also cannot afford Monumental any relief without undermining the extant order to compel arbitration, which is unreviewable under section 16(b)(2).

The appeal of Monumental is **DISMISSED**.