[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11165
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cv-00281-MSS-JSS

STATE OF FLORIDA,

Plaintiff-Appellee,

versus

RICK L. WEBER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 16, 2016)

Before TJOFLAT, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Rick Weber, proceeding *pro se*, appeals the district court's order remanding

his criminal action to state court and its order denying his Federal Rule of Civil

Procedure 60(b) motion seeking relief from that order.  He argues on appeal that the district court had jurisdiction over his case because the state statute underlying his arrest for failure to register as a sexual offender is an unconstitutional *ex post facto* punishment, violates his First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights, and is void for vagueness.   Weber also argues that jurisdiction lies under 28 U.S.C. § 1331 because he is a plaintiff in the removed action, since he claims damages under 42 U.S.C. §§ 1983 and 1985.  He also argues that removal is appropriate under 28 U.S.C. § 1443, which by its terms is race-neutral. Finally, he argues that procedural errors in the district court led to lack of consideration of his constitutional arguments.  Thus, he merits relief from the remand order under Federal Rule of Civil Procedure 60(b).  Upon review of the record and the parties' briefs, we affirm the portion of the district court's remand order concluding remand was not proper under § 1443, and dismiss Weber's appeals of the remand order to the extent it challenges the district court's decision on its jurisdiction under § 1331 and the district court's denial of Weber's Rule 60 motion.

We review dismissals for lack of subject matter jurisdiction *de novo*. *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009).  We examine our own jurisdiction *sua sponte* and review jurisdictional issues *de novo*.  *Adams v. Monumental Gen. Cas. Co.*, 541 F.3d 1276, 1277 (11th Cir. 2008).

2

Generally, in a civil case, an appellant must file a notice of appeal within 30 days after entry of the judgment or order appealed. Fed. R. App. P. 4(a)(1)(A). The notice of appeal must designate the judgment, order, or part thereof being appealed. *Id.* at 3(c)(1)(B). In order to appeal a district court order disposing of a motion for relief under Federal Rule of Civil Procedure 60 when the appellant already filed a notice of appeal, the appellant must file a separate notice of appeal or amend its original notice to designate the motion as subject to appeal. *See Weatherly v. Alabama State Univ.*, 728 F.3d 1263, 1271 (11th Cir. 2013). We cannot exercise our appellate jurisdiction over a district court order entered subsequent to an appellant's notice of appeal. *See McDougald v. Jensen*, 786 F.2d 1465, 1474 (11th Cir. 1986); *see also Bogle v. Orange Cty. Bd. Of Cty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998) (noting that a notice of appeal must designate an existent judgment or order, not one that is merely expected). We previously acknowledged that the Ninth Circuit held that a prior notice of appeal encompassed a subsequent district court order because the appellant's opening brief, filed within 30 days of the subsequent order, essentially satisfied the requirements of Federal Rule of Appellate Procedure 3. *See LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832, 837–38 (11th Cir. 1998) (citing *Intel Corp. v. Terabyte Int'l.*, 6 F.3d 614 (9th Cir. 1993)).

3

A federal court may raise the lack of federal jurisdiction on its own initiative at any stage of litigation. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). A district court must have jurisdiction under at least one of the three types of subject matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). We presume that a cause lies outside this limited jurisdiction. *Id*. *Pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A defendant may remove any civil action brought in a state court of which the United States district courts have original jurisdiction to the district court in the district embracing the place where the state action pends. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1443, a defendant may remove to a federal district court a criminal prosecution initiated in state court if the defendant "is denied or cannot enforce… a right under any law providing for the equal civil rights of citizens of the United States" in state court. 28 U.S.C. § 1443(1). A removal petition filed pursuant to § 1443(1) must satisfy the two-prong test developed in *Georgia v. Rachel*, 384 U.S. 780, 792, 794 (1966). First, the petitioner must show that the right he relies upon arises under a federal law providing for specific civil rights

4

stated in terms of racial equality. *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001). Second, he must show that he has been denied or cannot enforce that right in state court. *Id*.

The first prong of the test does not include generally applicable rights available to all persons or citizens, such as the Equal Protection Clause or 42 U.S.C. § 1983. *Id*. at 1295–96. A defendant's reliance on broad constitutional or statutory provisions does not support removal under § 1443 when those provisions are not phrased in "the specific language of racial equality that § 1443 demands." *Rachel*, 384 U.S. at 792 (referring to the First Amendment and the Due Process Clause of the Fourteenth Amendment).

Under the second prong, the denial of one's equal civil rights generally must manifest in a formal expression of state law. *Conley*, 245 F.3d at 1296. Removal under § 1443(1) is warranted only if the denial or unenforceability of specified federal rights in state courts is predictable by reference to a law of general application. *Rachel*, 384 U.S. at 800. Under a narrow exception to this rule, "if the very act of bringing the state court proceedings will constitute a denial of the rights conferred by federal statute," § 1443(1) removal is proper, even where the action is premised upon a facially neutral state law. *Conley*, 245 F.3d at 1296; *see also Rachel*, 384 U.S. at 782–83, 804–05 (holding that removal under § 1443(1) of the defendants' state criminal prosecution for trespass was proper, because the very

5

act of prosecuting them for non-forcibly seeking admittance to restaurants open to the public violated the Civil Rights Act of 1964); *Sofarelli v. Pinellas Cty.*, 931 F.2d 718, 720–22, 724–25 & nn. 1–2 (11th Cir. 1991) (holding that removal under § 1443 was proper based on the defendant's claim that the plaintiffs' filing of a state-court lawsuit was for the purpose of deterring him from providing housing on account of race, in violation of the Fair Housing Act, 42 U.S.C. §§ 3604, 3617).

A person may not obtain removal under § 1443(1) by alleging that "federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court." *City of Greenwood v. Peacock*, 384 U.S. 808, 827 (1966). Absent an explicit state mandate to the contrary, we presume that federal rights can be effected in pending civil or criminal state proceedings. *Johnson v. Mississippi*, 421 U.S. 213, 219–20 (1975).

If the district court lacks subject matter jurisdiction over a removed case, it shall remand the case to state court. 28 U.S.C. § 1447(c). Remand orders are not reviewable unless the case was removed pursuant to §§ 1442 or 1443. 28 U.S.C. § 1447(d). The jurisdiction-stripping provision of § 1447(d) applies to all remand orders based on (1) lack of subject matter jurisdiction or (2) a motion to remand by a party for a defect in the removal procedure made within 30 days of the notice of

6

removal. *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1319 (11th Cir. 2001). Where an appellant challenges a district court's remand order based on the court having removal jurisdiction under both §§ 1441 and 1443, as in this case, we dismiss the appeal to the extent it challenged the district court's remand order under § 1441. *See Conley*, 245 F.3d at 1293 n.1. But, we allowed an appeal to proceed to determine whether the district court properly remanded the proceeding based on an implicit finding that removal jurisdiction under § 1443 did not exist. *See id*.

We lack jurisdiction over the denial of Weber's Rule 60 motion because the order denying this motion had not yet been entered when Weber filed his notice of appeal of the remand order. *See McDougald*, 786 F.2d at 1474. Weber could not designate for an appeal an order that the court had not entered. *See Bogle*, 162 F.3d at 661. Nor did Weber file a new or amended notice of appeal to seek review of the denial of the Rule 60 motion. *See Weatherly*, 728 F.3d at 1271. With liberal construction, Weber's opening brief would satisfy the requirements regarding the contents of a notice of appeal because it discusses the denial of the Rule 60 motion. But, Weber failed to file the brief within 30 days of the district court's order denying the Rule 60 motion and thus fails the timing requirement. *See Tannenbaum*, 148 F.3d at 1263; *see* Fed. R. App. P. 4(a)(1)(A). This Court also lacks jurisdiction to review Weber's appeal to the extent it challenges the district

7

court's remand order based on lack of federal question jurisdiction under 28 U.S.C. § 1331 or removability of a civil action under § 1441. 28 U.S.C. § 1447(d); *see also Conley*, 245 F.3d at 1293 n.1. This Court may review whether the district court properly determined that it lacked jurisdiction over the action under § 1443(1). *Id.*

The district court properly determined that removal of Weber's state criminal case was not authorized under § 1443(1) because Weber failed to satisfy the two-prong test under *Rachel*. *See* 384 U.S. at 792, 794. He failed the first prong because he did not assert that Florida courts denied him a right under federal law stated in terms of racial equality. *See Conley*, 245 F.3d at 1295. The record reflects that Weber was prosecuted for failure to register as a sex offender. While he broadly claims that the criminal prosecution violated various constitutional provisions, his allegations were not based on violations of racial equality and were thus insufficient to support removal under § 1443(1). *Rachel*, 384 U.S. at 792. The *Snyder* court's holding that retroactive imposition of certain sex offender registry requirements violated the Ex Post Facto Clause does not impact this analysis. *See Snyder*, 834 F.3d 696, manuscript op. at 7. Even assuming that the Florida statute under which Weber was prosecuted suffered the same constitutional defects as the statute at issue in *Snyder*, Weber has not satisfied the first *Rachel* prong because the Ex Post Facto Clause is a generally applicable law. *See Conley*,

245 F.3d at 1295.  Weber's allegations that the state court wrongfully obtained his underlying conviction and that the district court ignored his constitutional arguments do not confer removal jurisdictions, which is presumptively limited. *See Greenwood*, 384 U.S. at 827; *Kokkonen*, 511 U.S. at 377.  Thus, the district court did not err by remanding his case for lack of removal jurisdiction under § 1443(1).  *Conley*, 245 F.3d at 1296.

We lack jurisdiction over the denial of Weber's Rule 60 motion because it was entered after he filed his notice of appeal, and lack jurisdiction to review his appeal to the extent it challenges the remand order based on lack of federal question jurisdiction under 28 U.S.C. § 1331 or removability under § 1441.  Thus, we dismiss Weber's appeal as to those challenges.  *See McDougald*, 786 F.2d at 1474; *Conley*, 245 F.3d at 1293.  The district court properly remanded Weber's case because it failed the two-prong test for removal under § 1443(1) under *Rachel*.  Weber complains that the state registry requirements and his original prosecution violated various constitutional provisions, but never asserted that a state court denied him a right under federal law that was stated in terms of racial equality.  *Conley*, 245 F.3d at 1295.  Weber also failed to allege a formal expression of state law that prohibited his enforcing his federal rights in state court. *Id*.  Thus, the district court did not err by remanding his case for lack of removal jurisdiction under § 1443(1).

9

**AFFIRMED IN PART AND DISMISSED IN PART.**