[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15564
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cv-04219-MHC

WILLIE G. SMITH,

Plaintiff-Appellant,

versus

NATIONAL CREDIT SYSTEMS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 23, 2019)

Before MARCUS, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Willie G. Smith, proceeding pro se, appeals the district court's denial of his

motion for relief from judgment for fraud upon the court in his debt reporting and

collection action brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §

1681s-2, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e. In this appeal, Smith argues that: (1) the district court abused its discretion when it denied his motion for fraud on the court stemming from actions of the district court, the Clerk's Office, and National Credit Systems, Inc. ("NCS"), that had required him in a prior appeal to file a motion to proceed in forma pauperis ("IFP") on appeal after he was permitted to proceed IFP in the district court proceedings; and (2) the district court abused its discretion when it denied his later motion to recuse the district court judge from any further proceedings in this case. After thorough review, we affirm in part and dismiss in part.

We review the denial of a Federal Rule of Civil Procedure 60(b)(3) motion for abuse of discretion. Cox Nuclear Pharmacy, Inc. v. CTI, Inc., 478 F.3d 1303, 1314 (11th Cir. 2007). We usually review a district court's denial of a motion for recusal for abuse of discretion. United States v. Bailey, 175 F.3d 966, 968 (11th Cir. 1999). However, we examine our own jurisdiction sua sponte and review jurisdictional issues de novo. Adams v. Monumental Gen. Cas. Co., 541 F.3d 1276, 1277 (11th Cir. 2008).

First, we are unpersuaded by Smith's claim that the district court abused its discretion when it denied Smith's motion for fraud upon the court, brought pursuant to Federal Rule of Civil Procedure 60(b)(3). Rule 60(b)(3) provides relief from a final judgment or order for fraud, misrepresentation, or misconduct by an opposing

party.  Fed. R. Civ. P. 60(b)(3).  A motion under Rule 60(b)(3) must be brought within one year after the entry of judgment.  Fed. R. Civ. P. 60(c)(1).

Where relief from a judgment is sought for fraud on the court, the movant must establish by clear and convincing evidence that the fraud occurred.  Booker v. Dugger, 825 F.2d 281, 283 (11th Cir. 1987).  Fraud on the court constitutes fraud which "defile[s] the court itself, or is a fraud perpetrated by officers of the court" that prevents the court from impartially judging cases before it.  Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1551 (11th Cir. 1985) (quotations omitted).  A court should deny a plaintiff's motion "in the absence of such conduct."  Id.  Additionally, a plaintiff must give "clear and convincing probative facts" demonstrating the existence of fraud upon the court and cannot rely solely on conclusory statements to show evidence of fraud based on "information and belief."  Booker, 825 F.2d at 283-84 (quotations omitted).  A plaintiff cannot use this kind of motion "as a vehicle for the relitigation of issues" or to address issues that could have been argued previously. Travelers Indem., 761 F.2d at 1552.

Federal Rule of Appellate Procedure 24(a)(3) states:

A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless:

(A) the district court -- before or after the notice of appeal is filed -- certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification or finding.

3

Fed. R. App. P. 24(a)(3)(A).

Here, the district court did not abuse its discretion in denying Smith's Rule 60(b)(3) motion. For starters, Smith's motion was untimely because it was filed more than one year after the district court entered judgment against him. Fed. R. Civ. P. 60(c)(1). Further, the district court had the ability to certify that Smith's first appeal was taken in bad faith after Smith filed his first notice of appeal, and the district court followed the proper standard in doing so because it stated in a written order that his first appeal was frivolous. See Fed. R. App. P. 24(a)(3)(A).

Moreover, Smith's arguments that the district court judge committed fraud upon the court in making certain discovery rulings in the earlier case is nothing more than an attempt to re-litigate old issues. As the record reveals, the district court rejected this very argument when it granted NCS's summary judgment motion. See Travelers Indem., 761 F.2d at 1552. As for Smith's other arguments challenging the district court's grant of NCS's summary judgment motion, they do not qualify him for relief because they also seek to litigate issues that could have been argued previously. Id. In short, Smith has failed to provide clear and convincing evidence that any fraud existed, and the district court did not err in denying his motion. Booker, 825 F.2d at 283; Travelers Indem., 761 F.2d at 1551.

As for Smith's appeal of the district court's denial of the motion to recuse the district court judge, we lack jurisdiction over it. Importantly, a notice of appeal must

4

be filed within 30 days after the entry of judgment or order appealed from.  Fed. R. App. P. 4(a)(1)(A).  When an appellant's notice of appeal specifies a judgment, we have "no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal."  Whetstone Candy Co. v. Kraft Foods, Inc., 351 F.3d 1067, 1079-80 (11th Cir. 2003) (quotations omitted). However, an appeal of an order will be allowed even if not mentioned in the notice of appeal if the order not mentioned was entered prior to or contemporaneously with the order listed in the notice of appeal.  KH Outdoor, LLC v. City of Trussville, 465 F.3d 1256, 1260 (11th Cir. 2006).

Here, we need not review the district court's denial of Smith's motion for the recusal of the district court judge.  As the record reveals, the recusal motion is outside the scope of the notice of appeal he filed in this case -- indeed, the motion was filed after he filed his notice of appeal, as was the order denying his motion.  Whetstone Candy, 351 F.3d at 1079-80; KH Outdoor, 465 F.3d at 1260.  Accordingly, we lack jurisdiction over the appeal of this order.

**AFFIRMED in part, DISMISSED in part**.