[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11906
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cr-00066-LGW-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVEROL PALMER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(July 10, 2019)

Before WILLIAM PRYOR, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Everol Palmer, a federal prisoner proceeding *pro se*, appeals from the district court's dismissal of his post-conviction motion for reconsideration of his presentence investigation report ("PSI"), which the court construed as a § 2255 motion to vacate. On appeal, he has not addressed the district court's construal of the motion or its determination that it could not consider the motion while his direct criminal appeal was pending. Rather, he raises arguments regarding his counsel's performance, the validity of his conviction under 18 U.S.C. § 922(g)(1), and his sentence enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

As an initial matter, we must examine our own jurisdiction *sua sponte*. *Adams v. Monumental Gen. Cas. Co.*, 541 F.3d 1276, 1277 (11th Cir. 2008). Ordinarily, unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken to this Court from the final order in a proceeding under § 2255. 28 U.S.C. § 2253(c)(1)(B). However, dismissal for lack of subject matter jurisdiction is not a "final order" within the meaning of § 2253(c), and a COA is not required to appeal such an order of dismissal. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (holding that the dismissal of a § 2254 habeas petition as an unauthorized successive petition was not a "final order" within the meaning of § 2253).

2

Here, we have jurisdiction to consider Palmer's appeal without a COA.  The dismissal of his construed § 2255 motion due to his simultaneously pending direct appeal was not a final order within the meaning of § 2253(c), so a COA is not required for him to appeal.

*Pro se* pleadings are liberally construed.  *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009).  However, where a *pro se* litigant fails to raise a legal claim on appeal, he abandons that claim, and we will not review it.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

"[A]side from the specific parameters set forth by the federal statutory provisions controlling sentencing, as well as the Federal Rules of Criminal Procedure," district courts do not have the authority to modify a sentence.  *See United States v. Diaz-Clark*, 292 F.3d 1310, 1315 (11th Cir. 2002).  We have indicated that federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework."  *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990).  Federal courts can re-characterize *pro se* motions for reasons such as to avoid unnecessary dismissals, clarify the actual legal claims, or better conform the motions to formal filing requirements.  *Castro v. United States*, 540 U.S. 375, 381-82 (2003).

A federal prisoner seeking relief from his conviction or confinement may file, pursuant to 28 U.S.C. § 2255, a motion to vacate in the district court. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). When reviewing rulings on § 2255 motions, we review legal issues *de novo* and factual findings for clear error. *Scott v. United States*, 890 F.3d 1239, 1247 (11th Cir. 2018). In general, a defendant may not pursue collateral relief while his direct criminal appeal is pending. *United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990). He may pursue such relief once jurisdiction vests again in the district court. *Id.*

Here, Palmer does not directly challenge the magistrate judge's reasoning in recommending dismissal or the district court's acceptance of that reasoning. He does not challenge his motion being construed as a § 2255 motion to vacate or the determination that the court lacked jurisdiction to consider the motion while his direct appeal was pending. Thus, he has abandoned any challenge to the one dispositive issue, and we may affirm on that basis.

In any event, the district court did not err in dismissing Palmer's motion without prejudice. The court correctly construed his motion for reconsideration as a § 2255 motion to vacate because he sought to challenge the validity of his conviction and sentence. However, the district court could not consider his construed motion to vacate because his direct appeal of his conviction and sentence

4

remained pending.  Accordingly, to the extent he did not abandon the issue, we affirm the district court's ruling.

     **AFFIRMED.**