[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12732
Non-Argument Calendar

_____

D.C. Docket No. 8:15-cv-02787-VMC-AEP

ANGELA W. DEBOSE,

Plaintiff - Appellant,

versus

USF BOARD OF TRUSTEES, et al.,

Defendants,

UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES,
ELLUCIAN COMPANY, L.P.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 21, 2021)

Before JILL PRYOR, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Angela DeBose, proceeding *pro se*, appeals the denial of her post-trial Fed. R. Civ. P. 60(d) motion for fraud on the court, the denial of her request for an evidentiary hearing, and the denial of her motion to reassign or recuse the magistrate judge in an employment-discrimination lawsuit, No. 15-cv-02787 (*DeBose I*).  DeBose also challenges the dismissal of her "Independent Action for Relief from Judgment to Remedy Fraud on the Court," which she filed in No. 19-cv-01132 (*DeBose II*).  DeBose presents five issues on appeal.  First, she argues that the district court erred in *DeBose II* by dismissing her claim without considering its merits.  Second, she argues that the district court abused its discretion by denying her Rule 60(d) motion because evidence in the record demonstrates the existence of fraud.  Third, DeBose argues that the district court abused its discretion by failing to hold an evidentiary hearing in conjunction with her Rule 60(d) motion for fraud on the court.  Fourth, DeBose argues that the magistrate judge abused his discretion when he delayed denying her motion to reassign or recuse him and then denied the motion as moot.  Finally, DeBose moves for sanctions.  For the reasons explained below, we affirm, and we deny DeBose's motion for sanctions.

# I

DeBose's litigation has a long and eventful history, the relevant portions of which we discuss below. DeBose filed a lawsuit in *DeBose I* against her former employer, the University of South Florida Board of Trustees (USFBOT) and Ellucian Company, for unlawful discrimination, retaliation, breach of contract, tortious interference with a business relationship, and civil conspiracy. DeBose later filed a motion for sanctions against USFBOT for destroying discoverable documents, including her employment files and contracts. The magistrate judge denied the motion, holding that DeBose had not established bad faith on the part of USFBOT. DeBose filed another motion for sanctions, which the magistrate judge again denied, citing DeBose's failure to provide new or additional evidence that USFBOT acted in bad faith. Ellucian and USFBOT moved for summary judgment on several of DeBose's claims, which the district court granted in part and denied in part.

DeBose then filed a "Motion for Relief from Judgment for Fraud" for the concealment of her 2015 employment contract. The district court denied the motion. DeBose filed a third motion for sanctions, which the district court denied as a "thinly-veiled" attempt to challenge the district court's summary-judgment order. The case proceeded to trial, where the jury returned a verdict in favor of DeBose on her retaliation claim. DeBose filed a fourth motion for sanctions

3

against USFBOT.  The district court granted USFBOT's motion for judgment as a matter of law, overturned the jury's verdict on DeBose's retaliation claim, and denied DeBose's motion for sanctions.

Debose filed an "Independent Action for Relief from Judgment to Remedy Fraud on the Court" in *DeBose II*, alleging that USFBOT and others had engaged in a scheme to commit perjury and fraud.  The district court dismissed *Debose II*, holding that DeBose was seeking relief pursuant to Rule 60(b) based on fraud on the court and that the "crux" of *DeBose II* was that the judgment in *DeBose I* had been tainted by fraud.  The district court concluded that DeBose could file a motion in *DeBose I* pursuant to Rule 60(b).

DeBose then filed an "Independent Action for Relief from Judgment to Remedy Fraud on the Court" under Rule 60(d)(1) and Rule 60(d)(3) in *DeBose I*. DeBose also filed a "Motion for Reassignment of a New Magistrate or Alternatively Recusal of Judge Anthony E. Porcelli" and a "Motion for Evidentiary Hearing with Witness Testimony."  Because the district court denied the Rule 60(d) motion and the motion for an evidentiary hearing, the magistrate judge denied DeBose's motion to reassign or recuse as moot.  DeBose now appeals.

## II

The first issue on appeal is whether this Court has jurisdiction to consider the district court's order denying DeBose's "Independent Action for Relief from

4

Judgment to Remedy Fraud on the Court" in *DeBose II*.  This Court must examine jurisdiction *sua sponte*, *Adams v. Monumental Gen. Cas. Co.*, 541 F.3d 1276, 1277 (11th Cir. 2008), and it reviews jurisdictional issues *de novo*.  *Id.*

Under 28 U.S.C.§ 1291, appellate courts "shall have jurisdiction of appeals from all final decisions of the district courts of the United States[.]"  However, "a timely and properly filed notice of appeal is a mandatory prerequisite to appellate jurisdiction."  *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 844 (11th Cir. 2006).  The Supreme Court, which has identified the timely filing of a notice of appeal as a jurisdictional requirement, has made clear that courts have "no authority to create equitable exceptions to jurisdictional requirements."  *Bowles v. Russell*, 551 U.S. 205, 214 (2007).  Federal Rule of Appellate Procedure 3(c)(1) sets out three requirements for a notice of appeal: it must (1) "specify the party or parties taking the appeal by naming each one in the caption or body of the notice"; (2) "designate the judgment, order, or part thereof being appealed"; and (3) "name the court to which the appeal is taken."  "Although we generally construe a notice of appeal liberally, we will not expand it to include judgments and orders not specified unless the overriding intent to appeal these orders is readily apparent on the face of the notice."  *Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1528 (11th Cir. 1987), *aff'd sub nom. Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989).

5

Here, DeBose never filed a notice of appeal in *DeBose II*. DeBose did file a notice of appeal in *DeBose I,* but that notice does not specify her intent to appeal the order in *DeBose II*, nor is such intent "readily apparent on the face of the notice." *Osterneck*, 825 F.2d at 1528. Accordingly, this Court lacks jurisdiction to review the district court's order dismissing DeBose's "Independent Action for Relief from Judgment to Remedy Fraud on the Court" in *DeBose II*.

## III

Second, we consider whether the district court abused its discretion in denying DeBose's Rule 60(d) motion in *DeBose I*. We review the denial of a Rule 60(b)(3) motion for an abuse of discretion. *Cox Nuclear Pharm., Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007). We thus apply this same standard to our review of the denial of DeBose's Rule 60(d)(3) motion, which, like Rule 60(b)(3), concerns "fraud on the court."

A movant who seeks relief from the judgment based on fraud on the court must establish fraud by clear and convincing evidence. *Id.* at 1314. Fraud on the court embraces "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985) (holding that perjury does not constitute fraud on the court under Rule 60(d)(3))

6

(quotation marks omitted).  It is thus only egregious misconduct—such as an "unconscionable plan or scheme" to influence the court's decision—that constitutes fraud on the court.  *See Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978).  We have made clear that a plaintiff "cannot use an independent action as a vehicle for the relitigation of issues." *Travelers*, 761 F.2d at 1552.

Here, DeBose has heavily litigated USFBOT's alleged fraud, shredding of documents, and presenting false affidavits and perjurious testimony.  DeBose's Rule 60(d)(3) motion concerns these same issues.  DeBose would not be entitled to relief under Rule 60(d)(3) on this ground alone.  *See Travelers*, 761 F.2d at 1552. But even if DeBose's Rule 60(d)(3) motion did not relitigate old issues, it fails for an independent reason—DeBose does not establish anything resembling an "unconscionable plan or scheme" by clear and convincing evidence.  Although DeBose claims that she has new evidence of fraud on the court, this evidence either duplicates existing evidence or could have been previously submitted to the district court.  The district court therefore did not abuse its discretion in denying DeBose's Rule 60(d) motion for fraud on the court.

## IV

We must also determine whether the district court erred by denying DeBose's Rule 60(d) motion without an evidentiary hearing in *DeBose I*.  We review a

7

district court's refusal to hold an evidentiary hearing for abuse of discretion. *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1121 (11th Cir. 2004). We have held that where "[a]n evidentiary hearing would have served no useful purpose in aid of the court's analysis," a court does not abuse its discretion by failing to hold one. *Cano v. Baker*, 435 F.3d 133, 1342–43 (11th Cir. 2006). Here, the issues that DeBose presented had been repeatedly litigated in the district court, and DeBose presented no new substantive evidence. Accordingly, an evidentiary hearing would have served no useful purpose and the district court did not abuse its discretion by failing to hold one.

## V

We next determine whether the magistrate judge erred by denying DeBose's motion to reassign or recuse as moot. We review the denial of a reassignment or recusal motion for abuse of discretion. *Loranger v. Stierheim*, 10 F.3d 776, 779 (11th Cir. 1994). A federal court may not decide moot questions. *See St. Pierre v. United States*, 319 U.S. 41, 42 (1943). An action is generally considered moot when any determination of the matter will have no practical effect on the parties. *See United States Parole Comm'n v. Geraughty*, 445 U.S. 388, 396 (1980). Here, DeBose filed a motion to reassign or recuse the magistrate judge prior to the rulings on her Rule 60(d) motion and her motion for an evidentiary hearing. Once rulings had been made on the Rule 60(d) motion and the motion for evidentiary

8

hearing by the district court judge—and not, notably, by the magistrate judge—any ruling on the motion to reassign or recuse would have no practical effect on the parties. The magistrate judge thus did not abuse his discretion by denying the motion as moot. Accordingly, we affirm.

## VI

Finally, we address DeBose's motion for sanctions in this appeal. Rule 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. For purposes of Rule 38 sanctions, a claim is frivolous if it is "utterly devoid of merit." *Bonfiglio v. Nugent*, 986 F.2d 1391, 1393 (11th Cir. 1993). By its plain terms, however, Rule 38 applies against appellants and in favor of appellees. Accordingly, we deny DeBose's motion for sanctions.

## VII

To sum up, we conclude that: (1) this Court lacks jurisdiction to review the district court's order dismissing DeBose's "Independent Action for Relief from Judgment to Remedy Fraud on the Court" in *DeBose II*; (2) the district court did not abuse its discretion in denying DeBose's Rule 60(d) motion; (3) the district court did not abuse its discretion by denying DeBose's Rule 60(d) motion without an evidentiary hearing; (4) the magistrate judge did not abuse his discretion by

9

denying DeBose's motion to reassign or recuse as moot; and (5) DeBose's motion

for sanctions is denied.

**AFFIRMED** and **DENIED**.