[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-13311

Non-Argument Calendar

————————————————

ANTON GOTCHOV MIKOV,

Plaintiff-Appellant,

*versus*

VILLAGE OF PALM SPRINGS, FLORIDA,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cv-81094-AMC

————————————————

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Anton Mikov appeals the district court's dismissal, on shotgun pleading grounds, of his first amended complaint against the Village of Palm Springs (the Village) alleging employment discrimination in violation 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-1, *et seq.*, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* He asserts the district court erred in dismissing his first amended complaint because, though each count successively realleged all prior statements, he gave adequate notice of the content of his claims. The Village contends we lack jurisdiction to consider his appeal because the district court's dismissal was not a final order. After review,[1] we affirm the district court.

## I.  PROCEDURAL BACKGROUND

On July 28, 2023, Mikov filed a *pro se* complaint against the Village. The complaint did not state under which laws relief was sought, nor did it divide Mikov's allegations into discrete counts. Mikov attached to his complaint numerous other documents relating to his factual allegations.

---

[1] "[W]e review jurisdictional issues *de novo*." *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009). "We review a dismissal on Rule 8 shotgun pleading grounds for an abuse of discretion." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018).

The district court *sua sponte* dismissed Mikov's complaint without prejudice. The court identified the complaint as a shotgun pleading based on its failures to separate claims for relief into different counts and to identify what laws Mikov believed had been violated. The court stated that Mikov was permitted to file an amended complaint by August 21, 2023, and that such an amended complaint must separate claims into counts, not include successive counts incorporating all prior allegations, and include the legal and factual bases for relief.

Mikov obtained counsel and moved for an extension. The court granted Mikov an extension and Mikov filed his first amended complaint on September 27, 2023. Mikov made 12 claims in separate counts. Each count successively incorporated all prior statements.

The court *sua sponte* dismissed the first amended complaint without prejudice. The court noted it had warned Mikov that he must not incorporate all prior allegations in each successive count and that failure to comply would result in dismissal. The court determined the first amended complaint "still runs afoul of the rules against shotgun pleading because each count continues to incorporate all preceding allegations." Thus, it dismissed the first amended complaint without prejudice, explicitly denying further repleading, closing the case, cancelling all scheduled hearings, and denying as moot all pending motions. However, the court noted Mikov could "initiate a new action as permitted by law."

## II. JURISDICTION

"To be appealable, an order must either be final or fall into a specific class of interlocutory orders that are made appealable by statute or jurisprudential exception." *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000); *see also* 28 U.S.C. §§ 1291–92. "In the ordinary course a 'final decision' is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Emps.*, 571 U.S. 177, 183 (2014). This category of appealable final orders generally includes "an involuntary dismissal without prejudice." *Justice v. United States*, 6 F.3d 1474, 1481 (11th Cir. 1993); *see also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1094 n.7 (11th Cir. 1996).

We have jurisdiction to consider Mikov's appeal because the involuntary dismissal without prejudice of his first amended complaint is an appealable final order. *See Justice*, 6 F.3d at 1481. The court's order was clearly purposed to end the litigation and left the court nothing further to do, not even enter a separate judgment. *See Ray Haluch Gravel Co.*, 571 U.S. at 183. The court refused Mikov another attempt to amend his complaint, administratively closed the case, cancelled all hearings, and denied all pending motions. *See Martinez v. Carnival Corp.*, 744 F.3d 1240, 1244 (11th Cir. 2014) (stating in determining whether an order is final, we have also considered whether the district court stayed proceedings, contemplated further action in the case, administratively closed the case, or denied pending motions as moot).

The court noted Mikov could "initiate a new action as permitted by law," but this is not the kind of "refiling" that prevents a dismissal from being a final order. *See Grayson*, 79 F.3d at 1094 & n.7 (11th Cir. 1996) (holding a dismissal without prejudice was in effect a non-final transfer order because the parties agreed the plaintiffs would be able to refile their claims if barred from joining a parallel case). The order did not operate as a transfer order because there is no parallel case which Mikov could seek to join. *See id.* Nor did it permit Mikov to amend his complaint again. *See Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1555 (11th Cir. 1984) (holding a dismissal was not final because it "did not state that it also was dismissing the action or that the complaint could not be saved through amendment"); *see also Jung v. K. & D. Min. Co.*, 356 U.S. 335, 336–37 (1958) ("We think that the District Court's order . . . denying petitioners' motion to vacate . . . but granting further leave to petitioners to amend their complaint, did not constitute the final judgment in the case."). Nor did the order address only some of Mikov's claims. *See Mesa v. United States*, 61 F.3d 20, 21 (11th Cir. 1995) (holding no final order existed where plaintiffs, following involuntary dismissal of two claims, moved for and obtained voluntary dismissal without prejudice of their remaining claims, but never obtained entry of a partial final judgment under Fed. R. Civ. P. 54(b)). The involuntary dismissal without prejudice of Mikov's first amended complaint is an appealable final order.

### III. DISMISSAL

District courts have an inherent power to control their docket. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). This includes dealing with shotgun complaints. *Id.* These complaints "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quotations and brackets omitted). There are four main types of shotgun complaints: (1) a complaint where each count realleges previous statements so that "the last count [is] a combination of the entire complaint" and includes large amounts of irrelevant information; (2) a complaint which is "replete with conclusory, vague, and immaterial facts"; (3) a complaint which fails to separate each claim for relief into a different count; and (4) a complaint which alleges multiple claims against multiple defendants in each count, without identifying which defendants are responsible for which claims. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–24 (11th Cir. 2015).

However, "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. Similarly, cumulatively incorporating allegations in successive counts requires "the trial court [to] sift out the irrelevancies, a task that can be quite onerous." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). We have held dismissal as a shotgun complaint was inappropriate

where each count realleged the statement of facts without cumulating across counts, and the organization meant that realleging did not "materially increase[] the burden of understanding the factual allegations underlying each count." *Weiland*, 792 F.3d at 1324.

While Mikov's counseled first amended complaint was much improved over his original *pro se* complaint, we cannot say the district court abused its discretion in dismissing Mikov's first amended complaint as a shotgun complaint. *See Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1163 (11th Cir. 2017) ("An abuse of discretion occurs when a district court commits a clear error of judgment, fails to follow the proper legal standard or process for making a determination, or relies on clearly erroneous findings of fact."). First, the district court applied the correct legal standard in stating it could dismiss his complaint if it was a shotgun complaint, that successive realleging of the entire complaint in each count was a classic sign of a shotgun complaint, and that it need not give him another chance to amend if he had already been warned. *See Vibe*, 878 F.3d at 1295-96 (explaining if a court identifies a complaint is a shotgun complaint, it generally must give the litigant one chance to replead, with instructions on the deficiencies, but if the amended complaint does not remedy the defects and the plaintiff does not move to amend, then the court may dismiss the complaint with prejudice). Second, the district court did not rely on clearly erroneous findings of fact, because it had warned him not to incorporate all prior allegations into each successive count and yet he did so. *See Yellow Pages Photos*, 846 F.3d at 1163.

Mikov's factual allegations were relatively straightforward, relating to various derogatory comments his colleagues made toward him during his time working with the Village.  However, not every fact related to every cause of action, and he did not simply reallege the statement of facts in each count but realleged *all* prior statements in each count, though the counts themselves mostly just stated the elements of the claim made.  *See Weiland*, 792 F.3d at 1324.  Nor did his statement of facts include organization making the relevance of all its allegations clear.  *See id.*  The district court did not commit a clear error of judgment in determining that his successive realleging of all prior statements made it overly burdensome to identify which facts support each claim.

**AFFIRMED.**[2]

---

[2] Mikov also asserts the district court erred by not mentioning equitable tolling in its dismissal because the dismissal of this action could cause a complaint in another action to be filed beyond the limitation period.  However, the district court has not ruled on equitable tolling in the first instance, and we need not decide it here.  The question is premature in this action, and an equitable tolling question can be addressed by the district court if it becomes an issue in a later action.